# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0286, <u>Michael Pearson & a. v. David Herrick & a.</u>, the court on November 9, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, Michael Pearson and Tracy Bernson, appeal, and the defendants, David Herrick, Sandra Heino, Susan Heino, John Herrick, and Ginny Bates, cross-appeal certain rulings of the Superior Court (<u>Smukler</u>, J.) relating to their various claims in connection with a residential lease the plaintiffs signed with the defendants in 2012. On October 19, 2016, the court received a suggestion of bankruptcy, which states that defendant Sandra Heino has filed a bankruptcy petition with the United States Bankruptcy Court for the District of New Hampshire. Accordingly, we stayed the plaintiffs' appeal of their claims against Sandra Heino. <u>See</u> <u>Michael Pearson & a. v. David Herrick & a.</u>, No. 2015-0286 (N.H. Oct. 21, 2016). We otherwise affirm.

This case concerns issues arising from the landlord-tenant relationship between the tenant plaintiffs and the landlord defendants. The defendants are siblings and the leased property was owned by their mother at the time of her death in 2006. In July 2013, the plaintiffs filed a thirteen-count complaint against the defendants in superior court. Counts I, II, and III related to the defendants' alleged misrepresentation of ownership of the leased property prior to entering into the lease agreement with the plaintiffs. Counts IV through X and Count XII concerned the defendants' alleged failure to remediate a purported "hazardous condition" resulting from the presence of bats and bat guano in the house on the leased property. Count XI asserted a claim for breach of contract based upon the defendants' alleged failure to pay for a tank of heating oil. Finally, Count XIII sought injunctive relief to preclude the defendants from removing certain personal property that the plaintiffs left in the house when they vacated it. In response to the plaintiffs' complaint, the defendants brought five counterclaims against the plaintiffs: (1) breach of contract based upon the plaintiffs' alleged failure to pay rent; (2) unjust enrichment; (3) violation of RSA chapter 540-A (2007 & Supp. 2015); (4) violation of RSA chapter 358-A (2009 & Supp. 2015); and (5) indemnification.

The defendants moved for summary judgment on all of the plaintiffs' claims. The trial court granted summary judgment in favor of the defendants with regard to Counts I, II, and III, agreeing with the defendants' contention

that, "[a]s between the Plaintiffs and Defendants, Defendants had an ownership interest in the leased premises and Plaintiffs did not," and, even assuming "that Defendants did not own the house" and "that the lease contract is void ab initio," the plaintiffs "would still owe rent to the [defendants' mother's estate] of which defendants are the sole heirs." (Quotation omitted.) Subsequently, the trial court dismissed Counts IV through X and Count XII because the plaintiffs failed to disclose "an expert on causation — that is, whether the bat guano contained histoplasmosis and whether bat guano containing histoplasmosis caused the plaintiffs to suffer damages." As a result, the court determined that the plaintiffs could not "sustain their burden at trial" and, therefore, these "claims necessarily fail[ed]." With regard to Count XIII, the court granted the plaintiffs' request for injunctive relief to the extent that it required the defendants to preserve, until October 3, 2013, the plaintiffs' personal property that remained in the house.

Thereafter, the trial court held a two-day bench trial on the plaintiffs' sole remaining claim, Count XI — breach of contract based upon the defendants' alleged failure to pay for a tank of heating oil, and on the defendants' five counterclaims. In March 2015, in a narrative decision setting forth its findings of fact and rulings of law, the trial court ruled that: (1) "[t]he plaintiffs have sustained their burden of proving that the defendants agreed to pay for 260 gallons of heating oil and failed to do so" and, thus, the plaintiffs "are entitled to be reimbursed for the amount spent on 260 gallons of heating oil"; (2) the plaintiffs failed to make certain rental payments and the defendants are entitled to the unpaid rent; (3) "[t]he plaintiffs' rent is overdue by 719 days" and, therefore, under the lease agreement, which states that "[t]here will be a charge of five dollars ($5.00) for each day any rent payment is past due," the defendants are entitled to $3,595.00 — $5.00 multiplied by 719 days; (4) "the plaintiffs breached duties to leave the property in the same condition as when the tenancy began" and "[t]he record supports a finding that the damages from this breach totaled $1,650.00"; (5) "the plaintiffs failed to leave the property with a full tank of heating oil as required by the lease" and, therefore, the defendants are entitled to the cost they incurred to refill the tank; (6) the indemnification provision in the lease agreement does not require the plaintiffs "to pay for [the defendants'] attorney's fees and costs associated with their defense of this action" because the provision "pertains to the defendants' potential liability to third parties in their capacity as landowners"; and (7) the defendants' unjust enrichment and statutory claims are unavailing. The parties moved for reconsideration regarding certain rulings. The trial court denied their motions. This appeal and cross-appeal followed.

On appeal, the plaintiffs argue that the trial court erred in granting summary judgment in favor of the defendants with regard to Counts I, II, and III. They contend that "the purported lease agreement was void ab initio because the defendants represented they had an ownership interest even though they had not probated their mother's estate." (Capitalization and

bolding omitted.) The plaintiffs also contend that the trial court erred in dismissing Counts IV through X and Count XII because: (1) "the defendants' promises to remedy the conditions in the property were not conditioned on whether the conditions were hazardous" (capitalization and bolding omitted); (2) the "court improperly limited its analysis of Plaintiffs' damages to Plaintiff Bernson's medical condition, and by doing so, overlooked numerous other elements of damages"; (3) the court "misapprehended the accumulated evidence that conditions in the leased premises compromised Bernson's health," including "evidence in the form of reports by the federal Centers for Disease Control" and "the fact[ual] testimony from treating physicians and both [plaintiffs] about the timing and severity of Bernson's symptoms and her responses to the various treatments"; and (4) "when the court re-scheduled trial ten months out, it should have recognized that the newly discovered medical evidence necessitated a reopening of expert discovery." The plaintiffs further maintain that the trial court erred in relying upon allegedly unreliable "evidence of defendants' damages resulting from the condition of the property after the plaintiffs vacated" it. (Capitalization and bolding omitted.)

In their cross-appeal, the defendants argue that the trial court erred in ruling that the plaintiffs were not required to indemnify the defendants because "the Plaintiffs never filed an Answer to, nor responded in any way to" the indemnification counterclaim. Thus, the defendants contend that the plaintiffs were "deemed to have admitted those allegations requiring Plaintiffs to indemnify the [defendants] against any claim for damages or injuries and agreeing that Defendants 'shall not be liable' for any damage suffered by a person while on the property." The defendants also assert that the trial court erred in the method it employed to calculate the additional damages charged for nonpayment of rent.

Each party has the burden of demonstrating reversible error as to those issues that the party is raising on appeal. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the parties' respective challenges to them, the relevant law, and the record submitted on appeal, we conclude that neither party has demonstrated reversible error. See id.

Any issue raised in the plaintiffs' notice of appeal that they have not briefed is deemed waived. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

3